**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01836-001-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Adrienne Marta Frazer, | |
| Defendant. | |

Pending before the Court is Defendant Adrienne Marta Frazer's ("Defendant's") Motion for Relief Regarding Judgment and/or Relief of Levies by IRS and Tucson Litigation Office. (Doc. 181.) The motion is denied.

## BACKGROUND

In March 2015, the Court convicted Defendant of five counts of making a false claim against the United States. As part of the Judgment, the Court ordered Defendant to pay $703,978 in criminal monetary penalties, including $703,478 in restitution to the Internal Revenue Service (IRS). The Court imposed a payment schedule requiring that payments of $200 per month be made over a period of 34 months, to commence 60 days after Defendant's release from imprisonment. Any unpaid balance was to become a condition of supervision to be paid within 90 days prior to the expiration of supervision. In addition, Defendant owed over one million dollars to the IRS directly.

Based on the Judgment, Defendant's restitution debt was placed in the Treasury Offset Program in 2015. The IRS placed its debt in the Treasury Offset Program as well. When Defendant began receiving social security spousal benefits in April 2019, the IRS

began receiving offsets on its debt. After Defendant met with the IRS agent assigned to her case and discussed her current earnings, the IRS removed its debt from the Treasury Offset Program, although the agent told Defendant that the IRS would be checking her W4s and that she would need to make payments towards her IRS debt if her income earning capacity increased. Once the IRS's debt was removed, the United States began receiving offsets through the Tucson office of the Financial Litigation Unit (FLU). Defendant contacted that office and requested that her debt be taken off the Offset Program. According to the IRS, the FLU subsequently removed Defendant's debt from the Offset Program based on Defendant's current assets and income.[1] (Doc. 182 at 2.)

On August 9, 2019, Defendant filed this motion asking the Court for relief from the restitution component of her sentencing order such that she could instead independently coordinate with the IRS to pay only the non-restitutionary debt she owes that entity. (Doc. 181 at 3.)

## ANALYSIS

Defendant's restitution was ordered pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663, 3664. Under that provision, a district court may, on its own motion or the motion of any party, modify a final order of restitution upon a showing of a "material change in the defendant's circumstances." 18 U.S.C. § 3664(k). However, modification under this provision requires a "bona fide change in the defendant's financial condition." *United States v. Dale*, 613 F. App'x 912, 913 (11th Cir. 2015). "The burden of demonstrating the financial resources of the defendant . . . [is] on the defendant," 18 U.S.C. § 3664(e) (2012), and is identified by an "objective comparison of a defendant's financial condition before and after a sentence is imposed," *United States v. Caudle*, 710 F. App'x 124, 125–26 (4th Cir. 2018). Although the Court is sympathetic to Defendant's financial difficulties, in the instant petition Defendant has not demonstrated a meaningful change in her financial condition from before her sentence was imposed. And even assuming she

---

[1] Pursuant to Defendant's sentencing Judgment, Defendant's criminal penalties are to be paid in increments of $200 per month during the 34 months following her release from imprisonment, with the unpaid balance subsequently becoming a condition of supervision.

could, "18 U.S.C. § 3664(k) only authorizes the Court to adjust the restitution *payment schedule*," not the payment amount. *United States v. Watts*, 182 F. App'x 669, 670 (9th Cir. 2006) (emphasis added).[2]

Perhaps more applicable to Defendant's current circumstances is § 3664(j)(2), which allows a defendant's restitution to be reduced to account for a victim's later recovery for the same loss. But that provision, by its express terms, is limited to a victim's recovery for "compensatory damages" in "any Federal civil proceeding" or "any State civil proceeding," 18 U.S.C. § 3664(j)(2), and is inapplicable to non-compensatory recovery, *see, e.g.*, *United States v. Smalling*, 644 F. App'x 3, 4 (2d Cir. 2016) (insurance payments do not constitute compensatory damages for purposes of § 3664(j)(2)). The kinds of recovery permitted under § 3664(j)(2) are not totally clear, *see, e.g.*, *United States v. Doe*, 374 F.3d 851, 856 (9th Cir. 2004) (leaving open the possibility that disbursements to victims from forfeited funds could be construed as "compensatory damages" within the meaning of 18 U.S.C. § 3664(j)(2)), but courts of appeals have acknowledged that one purpose of the provision is to prevent victims from obtaining multiple recoveries for the same loss, *see, e.g.*, *United States v. May*, 500 F. App'x 458, 464–65 (6th Cir. 2012) (affirming the district court's conclusion that the defendant was entitled to an offset of any amounts paid to the victim because of a settlement agreement); *United States v. Melot*, 562 F. App'x 646, 649 (10th Cir. 2014) (in a suit by the IRS to reduce assessed income taxes and penalties to judgment and to foreclose tax liens on Defendants' property, conflict with restitution owed to IRS in Defendants' criminal case was "resolve[d]" by 18 U.S.C. § 3664(j)(2)). Because Defendant has not established that the funds collected by the IRS over and above her $200 monthly payment are compensatory damages recovered through a federal or state proceeding, the Court cannot reduce her restitution amount under

---

[2] The only other MVRA section permitting a sentencing adjustment, § 3664(o), is inapplicable here. That section permits adjustments when, for example, the Government shows that reasonable efforts to collect a fine or assessment are not likely to be effective, 18 U.S.C.A. § 3573; a defendant knowingly fails to pay a delinquent fine or restitution, 18 U.S.C.A. § 3614; or a defendant is in default on a payment of a fine or restitution, 18 U.S.C.A. § 3613A.

§ 3664(j)(2) at this time. However, the Court will deny the Defendant's motion without prejudice to allow Defendant to revise her motion and provide the required additional information should she choose to do so.

**CONCLUSION**

Defendant has not established the requisite change in her financial circumstances or recovery of compensatory damages by the IRS to warrant any modification to the terms of her restitution sentence. The Court will dismiss Defendant's motion without prejudice and allow Defendant to renew her motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Relief Regarding Judgment and/or Relief of Levies by IRS and Tucson Litigation Office (Doc. 181) is **DENIED** without prejudice.

Dated this 27th day of September, 2019.

_____
G. Murray Snow
Chief United States District Judge